# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**JOYCE PORTER on behalf of** }
**C.D.B.,** }
 }
    **Plaintiff,** }
 }    **Case No.: 2:08-CV-0648-RDP**
**v.** }
 }
**MICHAEL J. ASTRUE,** }
**Commissioner of Social Security** }
 }
    **Defendant.** }

## MEMORANDUM OF DECISION

Plaintiff Joyce Porter (hereinafter "Plaintiff"), on behalf of her minor grandchild C.D.B. (hereinafter "Claimant"), brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), and Section 1631(c) of the Act, 42 U.S.C. § 1383(c), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Act ("the Act") and her application for Supplemental Security Income ("SSI") benefits under Title XVI of the Act.

### I.  Proceedings Below

Plaintiff protectively filed an application for SSI benefits on March 7, 2005. (Tr. 27, 39-41). Plaintiff alleged a disability onset date of May 10, 1999. (Tr. 39). Plaintiff's application was denied initially and also upon reconsideration. (Tr. 35-37). Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). (Tr. 28-33, 38). The hearing was held on May 23, 2007 in Birmingham, Alabama. (Tr. 28). In his September 5, 2007 decision, the ALJ determined

that Claimant was not eligible for SSI benefits because he failed to meet the disability requirements of the Act. (Tr. 27). After the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 5-7), that decision became the final decision of the Commissioner, and therefore a proper subject of this court's review.

At the time of the hearing in question, Claimant was eight (8) years old and was in the second grade. (Tr. 15, 190, 192). Claimant had no previous work experience. (Tr. 15). Plaintiff alleges that Claimant suffers from Attention Deficit Hyperactivity Disorder ("ADHD") and asthma. (Tr. 34, 47, 202, 205). According to Plaintiff, due to these problems Claimant should be found disabled. (Tr. 34).

Plaintiff complains that Claimant will not be still and listen. (Tr. 17, 200). Plaintiff reports behavior problems at school, including being disruptive, showing no self-control, use of profane or obscene language, not paying attention, throwing and breaking objects, being disrespectful, and kicking another student. (Tr. 17, 200-201). Plaintiff testified that, although Claimant takes his ADHD medication as prescribed, his doctors have not yet established a medicine that can achieve long term control over his ADHD. (Tr. 20, 201). Nonetheless, Plaintiff agrees that sometimes Claimant's ADHD is controlled with medication. (Tr. 17, 201, 205-206). It is undisputed that Claimant's asthma is controlled by medication. (Tr. 202). Counsel for Plaintiff has conceded there is not enough evidence to meet the requirements of disability as to Claimant's asthma. (Tr. 189).

Claimant's second grade teacher, Marcie Gillham, completed a Child Development and Functioning Rating form on April 23, 2007. (Tr. 79-81). Ms. Gillham opined that Claimant had a marked degree of limitation in the domain of attending and completing tasks, but that he had less than a marked degree of limitation in the domain of interacting and relating to others. (Tr. 79). Ms.

Gillham commented that Claimant was able to physically care for himself, but showed a great lack of self-control. (Tr. 79). However, she then completed an attention deficit hyperactivity disorder questionnaire on the same day which said that Claimant experienced an extreme degree of inattention, impulsiveness, and hyperactivity. (Tr. 81).

Records from McElwain Elementary School show that Claimant had some discipline issues. (Tr. 82-89). On October 5, 2006, October 13, 2006, December 18, 2006, and February 1, 2007, Claimant received warning slips and then was suspended from school on February 2, 2007. (Tr. 17, 82-85, 89). However, a behavioral report completed from the period August 18, 2006 through May 11, 2007, showed Claimant's behavior ranged from being evaluated with an "A" and very good conduct, all the way to an "F" and bad conduct. (Tr. 17, 86-88). During this time period, Claimant made average to above average grades in his academics with the exception of one below average grade. (Tr. 17, 91).

Dr. Derrol Dawkins diagnosed Claimant with ADHD on November 2, 1004. (Tr. 92, 129). Dr. Dawkins treated Claimant on an intermittent basis from November 2, 2004 through November 6, 2006. (Tr. 129-38). On multiple visits Claimant had normal routine history and physical examinations. (*Id*.). His lungs were clear to auscultation, his asthma symptoms improved with prescribed treatment and he had normal growth and development. (*Id*.). Claimant was prescribed medication for ADHD by Dr. Dawkins. (Tr. 201). In July 2006, Claimant was reported to be doing better on the prescribed medication. (Tr. 135). His school grades were reported to be much improved, he reported to have increased energy, he was eating well, and experienced no side effects from his medication. (*Id*.).

Claimant was also seen by Jon Rogers, Ph.D., on July 7, 2005, for a consultative psychological evaluation. Claimant was administered a mental status examination, and his appearance was described as neat, clean, and dressed appropriately. His posture was erect and his facial expression was alert, his eye contact was fair, he was observed to be fidgety with rate of physical movement noted to be above average, he was cooperative, and his speech was spontaneous and normal. However, Claimant's level of social functioning was noted to be below average and his social skill level was noted as immature. Claimant's range of emotional expression was age appropriate and he reported he had friends with whom he plays hide and seek and that he was happy most of the time. (*See* Tr. 18, 115-16).

Dr. Ronnie Mathews saw Claimant on July 28, 2005 for a consultative pediatric examination. (Tr. 19, 117-20). Claimant was reported to have asthma triggered by changes in weather, exercise, or pollen. (Tr. 117-20). However, Dr. Mathews reported that Claimant's asthma appeared to be relatively well controlled on medication. (*Id.*). Also, Claimant was reported to be on medication for ADHD, which was noted as effective for controlling his ADHD until the late afternoon hours. (*Id.*). Dr. Mathews considered the examination to be relatively normal. (Tr. 18, 117-18).

A Disability Determination Service psychologist, Kenneth Warren, Ph.D., completed a childhood disability evaluation form on August 8, 2005. (Tr. 121-22). Claimant was evaluated concerning the impairments of asthma and ADHD. (*Id.*). Dr. Warren opined that Claimant's impairments or combination of impairments were severe, but did not meet, medically equal, or functionally equal the listings. (*Id.*).

4

## II. ALJ Decision

Under the authority of the Act, the Social Security Administration has established a three-step sequential evaluation process to determine whether an individual under the age of 18 is disabled. 20 C.F.R. § 416.924(a). First, the ALJ determines whether the child is engaged in substantial gainful activity. *Id.* Second, if the child is not engaged in substantial gainful activity, the ALJ then determines whether the child suffers from a severe impairment or combination of impairments. *Id.* An impairment or combination of impairments is "severe" if it causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). Finally, if the child suffers from a severe impairment or combination of impairments, the ALJ then determines whether the child's impairments meet, medically equal, or functionally equal an impairment listed under Appendix I to Subpart P of Part 404. 20 C.F.R. § 416.924(a).

Functional equivalence is dependent on the child's impairments or combination of impairments resulting in marked limitations in two broad categories of functioning or extreme limitation in one broad category of functioning. 20 C.F.R. § 416.926a(a). The rules list six broad areas of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). In making this assessment, the ALJ must compare how appropriately, effectively and independently the claimant performs activities compared to the performance of other children of the same age who do not have impairments. 20 C.F.R. § 416.924(b).

The ALJ found that Claimant has not engaged in substantial gainful activity at any time relevant to his decision. (Tr. 15). Based upon the medical evidence presented, the ALJ concluded

that Claimant has attention deficit hyperactivity disorder (ADHD) and asthma, which are "severe" impairments as defined by the Act. (*Id*.). Nonetheless, the ALJ determined that Claimant's impairments neither meet nor equal the requirements for any impairment in the Listing of Impairments, Appendix 1, Subpart P, Regulations No. 4. (*Id*.).

According to the ALJ, Claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but the subjective complaints concerning his impairment and its impact are not fully credible due to the degree of inconsistency with the medical evidence established in the record, as well as Plaintiff's and Claimant's own statements. (Tr. 17). The ALJ found that, based on treatment notes and school records, Claimant does not experience "marked" limitations in two of the broad categories of functioning or "extreme" limitation in one broad category of functioning. (Tr. 27). After considering all the evidence, the ALJ found that of the six domains used to assess Claimant's functioning, one had a marked limitation (attending and completing tasks), two had less than marked limitations (acquiring and using information and interacting and relating with others), and three had no limitations (moving about and manipulating objects, caring for yourself and health and physical well-being). (*Id*.). Thus, the ALJ ruled that Claimant is not disabled as that term is defined in the Act and that Claimant, therefore, is not entitled to a period of benefits. (*Id*.).

### III.  Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration. (Doc. # 9, at 11). Plaintiff argues that, for the following reasons, the ALJ's decision is not supported by substantial evidence and improper legal standards

were applied: The ALJ erred in finding that the record did not support the necessary severity requirements for a finding of childhood disability. (Doc. # 9, at 7). Specifically, Plaintiff argues that the record supports a finding of marked impairment in attending and completing tasks and a finding of at least a marked level of impairment in interacting and relating with others. (Doc. # 9, at 8).

## IV.  Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in

7

scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V.  Discussion

In light of the legal standards that apply in this case, the court rejects Plaintiff's arguments for remand or reversal. For the reasons outlined below, the court finds that the ALJ relied on substantial evidence and applied the proper legal standards.

### A.    The Record Supports the ALJ's Finding That the Necessary Severity Requirements for a Finding of Childhood Disability Were Not Established.

In order to find a childhood disability, Claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.  20 C.F.R. § 416.924(d).  Plaintiff argues that the record supports a finding of marked impairment in attending and completing tasks and a finding of at least a marked level of impairment in interacting and relating with others.  (Doc. # 9, at 8).  The ALJ found there was a marked level of impairment in the domain of attending and completing tasks.  (Tr. 22-23).  So the only domain at issue is that of interacting and relating with others.  Plaintiff argues that the ALJ's finding of a less than marked limitation in interacting and relating with others does not take into consideration the repeated school discipline and suspension notices and the behavior charts showing repeated instances of inappropriate behavior.  (Doc. # 9, at 8, 9).

In an analysis of the domain of interacting and relating with others the ALJ considers how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, demonstrate respect, and care for the possessions of others.  20 C.F.R. § 416.924a(i).  The

regulations provide that a school-age child without an impairment should be developing more lasting friendships with children who are of the same age. 20 C.F.R. § 416.924a(i)(2)(iv). The child should begin to understand how to work in groups to create projects and solve problems. *Id.* The child should also have an increasing ability to understand another's point of view and to tolerate differences. *Id.* And the child should be able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand. *Id.*

The ALJ properly stated that Claimant's ADHD has affected his behavior both at home and at school. (Tr. 24). Dr. Jon Rogers performed a psychological evaluation in July 2005 and observed Claimant's social skill level was immature and his level of social functioning was below average. (Tr. 18, 24, 116). However, Dr. Rogers noted Claimant's mental status was normal, his attitude was cooperative, and his speech was spontaneous and normal. (Tr. 24, 116). Although Plaintiff reported Claimant got along poorly with teachers (Tr. 24, 115), she also reported that he got along fairly well with other children, and Claimant reported he had friends and was happy most of the time. (Tr. 17, 24, 116). Claimant did have some behavioral problems at school which resulted in his suspension. (Tr. 17, 24, 82-89). Claimant also received negative progress and behavioral reports and discipline warnings. (*Id.*). However, after noting the behavior problems at school, the ALJ also noted that Claimant's second grade teacher opined that Claimant had less than a marked degree of limitation in the domain of interacting and relating with others. (Tr. 24, 79). Additionally, the state agency non-examining psychologist opined that Claimant would have less than marked limitations in this domain. (Tr. 19, 121-26). Therefore, although there is some evidence to suggest he had difficulty interacting and relating to others, there is substantial evidence to support the ALJ's finding of a less than marked limitation.

Additionally, Plaintiff argues that the ALJ was improperly influenced by the fact that Claimant maintained A-B average grades in school during his evaluation of whether there was a marked limitation. In order to find a "marked" limitation in a domain there must be an impairment that "interferes seriously" with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.924a(e)(2). Although Claimant's ADHD does interfere with the domain of interacting and relating with others, there is substantial evidence which supports the ALJ's finding that it does not "interfere seriously." In making this assessment, the ALJ must compare how appropriately, effectively and independently a claimant performs activities compared to the performance of other children of the same age who do not have impairments. Therefore, based upon this analysis, the ALJ was able to consider Claimant's high grades as proof of the lack of serious interference.

The ALJ applied correct legal standards and his findings that Claimant does not have an impairment or combination of impairments that results in either "marked" limitations in two domains of functioning or extreme limitation in one domain of functioning is supported by substantial evidence.

## VI. Conclusion

The court concludes that the ALJ's determination that Claimant is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed, and a separate order in accordance

with the memorandum of decision will be entered.

**DONE** and **ORDERED** this \_\_\_\_31st\_\_\_\_ day of August, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE